[Civ. No. 9427. First Appellate District, Division Two.—December 21, 1934.]

LOUIS E. SMITH et al., Respondents, v. CORA ROTHS-CHILD, Appellant.

John H. Black, J. M. Wallace and Ross & Ross for Appellant.

Norman S. Menifee for Respondents.

SPENCE, J.—This action for damages for personal injuries was tried before a jury and resulted in a judgment

in favor of plaintiffs for the sum of $7,500. Defendant appeals from said judgment.

Appellant's main contention is that "plaintiffs were guilty of contributory negligence as a matter of law and the alleged negligence of the defendant did not proximately cause the accident". In support of this contention appellant argues the facts at length, but cites no authorities to sustain her position. The essential facts may be briefly, stated. Respondents were riding on a motorcycle coming down the grade in an easterly direction on a winding road running from Woodside toward Redwood City in San Mateo County. Appellant was driving an automobile in a westerly direction along said road. The parties approached a curve in the road at about the same time. At this point the road was about 19 feet wide with a bank on the south side thereof which obstructed the view of the parties as they approached said curve. There was a white line along the center of the road, respondent's side of the paved highway being approximately 9 feet in width and appellant's side of the highway being approximately 10 feet in width. There was a conflict in the evidence on several points and particularly regarding the speed and relative positions of the vehicles. According to the testimony offered on behalf of respondents, they were at all times on their right-hand side of the center line of said highway and as they rounded said curve at about 15 miles per hour, appellant's automobile was approaching about 40 to 50 feet away on the wrong side of the road. In the brief time which elapsed respondent Louis Smith testified that he thought of crossing to the left side of the road in an attempt to avoid the accident. He did not do so, but put on his brakes as appellant turned her machine to the right. The motorcycle collided with the left side of appellant's automobile as said automobile was traveling at an angle in crossing over to the north side of the road.

As we view the conflicting evidence in the record, the issues of contributory negligence and proximate cause were questions for the jury's determination rather than questions of law for the court. From the evidence above set forth, the jury could properly conclude that respondent Louis Smith was operating his car in a lawful and prudent manner, that appellant was operating her car in an unlawful

and negligent manner, that respondent Louis Smith was confronted with a sudden emergency and acted as a reasonably prudent person in such emergency and that the negligence of appellant was the proximate cause of the accident without any negligence on the part of respondents. Such evidence therefore sustains all of the implied findings in favor of respondents and the judgment may not be disturbed on appeal.

Appellant also complains of certain instructions given to the jury. It would be a sufficient answer to state that the record does not disclose at whose request said instructions were given (*Walters* v. *Evick*, 93 Cal. App. 1, 16 [268 Pac. 1061]), but we have reviewed the charge to the jury and find no prejudicial error therein.

It is further urged that the court erred in not permitting the jury to view a motorcycle similar to the one ridden by respondents. Appellant concedes that the trial court had a wide discretion in determining whether the jury should be taken from the courtroom to make such an inspection and we find no abuse of discretion here. We may further state that our attention has not been called to any place in the record where the trial court made any ruling refusing to permit such an inspection.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.